IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| SHEILA BELL and § | |
| CHRISTOPHER BELL, Plaintiffs § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-683 |
| § | |
| § | |
| OFFICE OF THE ATTORNEY GENERAL § | |
| and JOYCE WASHINGTON, Defendants. § | |

**ORDER**

On October 31, 2006, this Court received a Complaint and Application to Proceed *In Forma Pauperis* ("IFP") filed by Plaintiffs. After reviewing the Complaint, the Court finds that IFP status is not merited in this matter.

This Court has dismissed three previous cases filed by Plaintiffs alleging state law claims related to the custody of the children of Sheila and Christopher Bell and various federal claims under 42 U.S.C. § 1983 and § 1985. The Court concluded in the first of these that it lacked jurisdiction over the state law claims and that the Defendants were entitled to immunity. The second case, which was largely identical to the first, was dismissed for lack of prosecution. The third case reiterated the claims previously presented, but added allegations of fraud concerning allegedly illegal billing practices by state agencies, which related to the time period referenced in the first and second case, and an extraneous allegation against an insurance company for failing to pay a damage claim on their home.

In the instant case Plaintiffs name the Texas Attorney General's Office and Joyce Washington, who is the mother of Plaintiff Sheila Bell and who has custody of the Bell children, as the only Defendants. Plaintiffs' allegations against the Texas Attorney General's Office consist of broadly based claims of violations under the Civil Rights Act of 1964, False Claims Act, White Collar Crimes, Segregating Public Funds in violation of the Civil Rights Act, and depriving them of the equal opportunity of being paid financial or monetary child support for their children instead of the non-financial services offered. After carefully reviewing the Complaint, the only discernable claim Plaintiffs make against Defendant Washington is one under the False Claims Act.[1] Plaintiffs also include claims against unnamed defendants, such as one against the District Attorney office in Galveston, Texas for orchestrating their false arrest based on "trumped up" charges so that Plaintiff Christopher Bell would lose his job and be unable to pay child support, and one against the State court judges alleging systematic discrimination against black biological families and conspiracy between the State court judges, Child Protective Services ("CPS"), and the University of Texas Medical Branch ("UTMB"). The factual basis for Plaintiffs' claims relate to the same time period referenced in their previously filed complaints, which were briefly discussed above. Plaintiffs seek monetary damages from Defendants on behalf of themselves and all other biological black parents in the form of "back pay" for all the years that the State did not pay them to support their children

---

[1] Even to the extent that Plaintiffs claim that Defendant Washington violated their civil rights, any such claim would appear to have no legal basis because Washington is not a state actor. *See Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1977).

(Compl. at 8, 12); declaratory and injunctive relief in the form of an Order reversing all former state court judgments involving CPS cases in Galveston, Texas; and an Order modifying their child support payments. Plaintiffs also include an extraneous request that the Court appoint a "special investigator" to locate all the assets belonging to the "Estate of Katie Saxon Bell/The Christopher Bell Trust." (Compl. at 11).

The Eleventh Amendment to the Constitution bars suits in federal court by citizens against a state, state agency or department. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984). A claim brought under a federal statute does not alter this fact. *Quern v. Jordan*, 440 U.S. 332, 343-45 (1979) (claim brought under section 1983 does not override bar); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981) (claim brought under section 1981 does not remove bar). Plaintiffs' claims against the Texas Attorney General's Office are barred by the Eleventh Amendment to the Constitution. *Id.* As such, the Court lacks subject matter jurisdiction over these claims and, therefore, dismissal would be warranted. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188-89 (5th Cir. 1986).

Plaintiffs also appear to lack standing to bring claims under the False Claims Act. That statute grants a private citizen standing to bring a *qui tam* action only if he alleges specific and direct evidence of fraudulent activity with an adequate basis in fact. 31 U.S.C. §§ 3729, 3730; *U.S. ex. rel. Reagan v. East Texas Med. Center*, 274 F.Supp.2d 824, 853 (S.D.Tex. 2003), *aff'd*, 384 F.3d 168 (5th Cir. 2004). Although the Court does not rule at this point that Plaintiffs cannot have such

3

standing, the Complaint consists merely of generalized accusations against unnamed defendants, such as, children are being thrown "into State Systems" for tests and drugs at UTMB in order to "bilk" Medicaid (Compl. at 6) or, as to Defendant Washington, that she is a "'pro' at receiving 'checks' for the 'elderly, sick or handicapped' and then *discarding* them." (Compl. at 2). No specific factual allegations, however, support these broad claims.

Finally, the Court's careful inspection of Plaintiffs' Complaint reveals that the central basis of their claims involve "nothing more or nothing less than a domestic relations contest" over the determination of the custody and child support order of the Plaintiffs' minor children. *See Franks v. Smith*, 717 F.2d 183, 185 (5th Cir. 1983). Federal courts traditionally decline to hear cases involving family disputes because these claims are within the province of state courts. *Goins v. Goins*, 777 F.2d 1059, 1061 (5th Cir. 1985); *Cook v. Winters*, 645 F.Supp. 158, 159-60 (S.D. Tex. 1986). The Fifth Circuit has repeatedly held that custody issues are outside the subject matter jurisdiction of a federal court. *Id.*; *Franks v. Smith*, 717 F.2d at 185. Moreover, modifications of custody issues, including modification of support due to alleged hardships, are state court matters, and, as such, Plaintiffs should seek relief in state court, not federal court. *Jagiella v. Jagiella*, 647 F.2d 561, 565 (5th Cir. Unit B 1981). It is also clear that a federal district has no appellate jurisdiction over state judgments. *Reed v. Terrell*, 759 F.2d 472, 473 (5th Cir. 1985); *see also, Holeman v. Elliott*, 732 F.Supp. 726, 727 (S.D.Tex. 1990), *aff'd*, 927 F.2d 601 (5th Cir. 1991) (federal court has no jurisdiction over collateral attack on state family judge or judgment). However, this is

exactly what Plaintiffs request. Although cast in the form of a civil rights action in which the Plaintiffs seek retrospective declaratory and injunctive relief, the retention of Plaintiffs' claim would require this Federal District Court to assume an appellate role by reviewing all former state courts' judgments involving CPS in Galveston, Texas, which offends principles of comity and is clearly outside of this Court's jurisdiction. *Id.*

Similar to domestic matters, federal courts traditionally decline to hear cases involving state probate matters, which includes the administration of an estate. *Markham v. Allen*, 326 U.S. 490, 494 (1946); *Robertson v. Robertson*, 803 F.2d 136, 138 (5th Cir. 1986); *see generally, Breaux v. Dilsaver*, 254 F.3d 533, 536-37 (5th Cir. 2001) (federal court should not involve itself in matters where the probate proceeding is challenged, a party is seeking to recover property from the estate, or the court is asked to assume control of estate property).

A District Court has wide discretion to deny an Application to Proceed *In Forma Pauperis*. *Flowers v. Turbine Support Div.*, 507 F.2d 1242 (5th Cir. 1975). Although Plaintiffs could have brought any of their allegation of civil rights violations in earlier filings, they would have been dismissed on the basis of the Eleventh Amendment bar, for lack of subject matter jurisdiction, and because the claims involved matters best left to the state courts. In addition, Plaintiffs could have asserted all their state-law claims of negligence, fraud, and conspiracy, over which this Court lacks jurisdiction, in earlier filings.

The prior dismissals were without prejudice and in those cases the Court pointed out that

it lacked jurisdiction over the custody claims and recommended that Plaintiffs pursue their remedies in state court. The Court reiterates that if custody and the payment of child support are the Plaintiffs' primary concerns, they should seek relief in state court, not in federal court. Plaintiffs' instant pleadings appear to have no legal basis for successive exercise of federal jurisdiction and "no one, rich or poor is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975).

It is therefore **ORDERED** that Application to Proceed *In Forma Pauperis* (Instrument No. 2) is **DENIED**. If Plaintiffs fail to pay the $350.00 filing fee in full by **January 5, 2007,** their instant Complaint will be dismissed for want of prosecution.

**DONE** at Galveston, Texas, this 20th day of December, 2006.

Samuel B. Kent
United States District Judge